THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-313-RJC

| | |
|---|---|
| HERBERT J. ROBINSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| NC STATE BAR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff Herbert Robinson, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and a Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 1-1), on May 17, 2012. For the reasons explained below, the Court grants Plaintiff's IFP Motion for the limited purpose of reviewing the Complaint and dismisses Plaintiff's Complaint sua sponte.

Plaintiff is an inmate in the Union County Jail and has filed the Complaint pursuant to 42 U.S.C. § 1983 against the North Carolina State Bar. Plaintiff's lawsuit against Defendant is based on the following factual allegations:

> I was assigned Douglas Underwood as my court-appointed attorney by the NC Bar [Association]. As I have stated in my suit against him I feel I was pressured into taking a plea after having served 520 days in [the Union County Jail]. After hearing of his suspension and being informed he was allowed to continue to practice while suffering from [various illnesses] I feel strongly that I was coerced under less than 100% of Mr. Underwood's faculty.

(Doc. No. 1 at 4). Plaintiff seeks "at least the cost of the defense" as relief. (Id.).

First, as for Plaintiff's motion to proceed in forma pauperis, the Court has examined Plaintiff's financial statement and finds that Plaintiff qualifies for in forma pauperis status for the

-1-

purpose of this initial review.

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. As its language indicates, Section 1983 applies only to "persons" acting under color of state law. In North Carolina, the North Carolina State Bar is an agency of the State of North Carolina. N.C. GEN. STAT. § 84-15. A state agency is not a "person" for purposes of Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Moreover, the Eleventh Amendment bars Plaintiff's request for money damages against the State of North Carolina and its various agencies. Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). For these reasons, the Complaint must be dismissed.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 1-1), is **GRANTED**;

2. The Clerk of Court, however, shall refrain from issuing process for Defendant because the Court has conducted its initial review and determined that Plaintiff is not entitled to proceed with this action;

3. Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Signed: May 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge